REXFORD v. TRAILER TRANSPORT COMPANY.

1. WORKMEN'S COMPENSATION—REMARRIAGE OF MOTHER—COMPENSA-
TION TO REMAINING DEPENDENTS.
   Where mother and two children were awarded $23 per week work-
   men's compensation as dependents and mother remarried, the
   two children were thereafter entitled to $21 per week (2 Comp.
   Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts
   1943).

2. COSTS—CONSTRUCTION OF STATUTE.
   No costs are allowed in dependents' proceeding to recover work-
   men's compensation, where construction of statute is involved
   (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub.
   Acts 1943).

Appeal from Department of Labor and Industry.
Submitted April 9, 1948. (Docket No. 9, Calendar
No. 43,911.) Decided June 14, 1948.

Virginia Rexford presented her claim for compen-
sation as widow of Frederick Rexford, deceased,
against Trailer Transport Company, employer, and
Zurich General Accident & Liability Insurance Com-
pany, Ltd., insurer. A dispute having arisen over
amount of compensation after remarriage of plain-
tiff, the cause was set for hearing. Award of full
amount payable to minor children. Defendant ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am. Jur., Workmen's Compensation, §§ 187, 543.
[1] "Dependency" within Workmen's Compensation Act, 13 A.L.R.
    686, 708; 30 A.L.R. 1253, 1266; 35 A.L.R. 1066, 1075; 39 A.L.R.
    313, 319; 53 A.L.R. 218, 226; 62 A.L.R. 160, 170; 86 A.L.R. 866,
    880; 100 A.L.R. 1090, 1100.

peals.  Reversed and remanded for entry of award in reduced amount.

*Lacey, Scroggie, Lacey & Buchanan* (*William J. Jones,* of counsel), for defendants.

SHARPE, J.  On leave granted, the defendants appeal in the nature of certiorari from an order of the department of labor and industry denying a reduction in the rate of compensation payments heretofore fixed at $23 per week.

The facts are undisputed.  Frederick Rexford sustained a fatal injury arising out of and in the course of his employment by the Trailer Transport Company on June 5, 1944.  He left surviving a widow, Virginia Rexford, and two minor children by a previous marriage both under the age of 16 years. Thereafter, an application for a hearing was filed and an award for compensation was ordered paid to the widow and two minor children at the rate of $23 per week in accordance with the provisions of the compensation act.[*]

The defendant insurance company paid compensation in accordance with the award until May 2, 1946, at which time the dependent Virginia Rexford was married to one Lloyd Gauss.  Since said marriage the defendant has continued payment to the remaining dependents at the rate of $21 per week. On August 28, 1946, the department of labor and industry entered an order setting the case for hearing before a deputy commissioner for further determination of the rate of compensation which should be paid to the remaining dependents.  As a result of this order a hearing was had on January 28, 1947, and an award was entered dated January 29, 1947,

[*] See 2 Comp. Laws 1929, § 8421. as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8421, Stat. Ann. 1947 Cum. Supp. § 17.155).—REPORTER.

requiring the defendants to continue payments at the rate of $23 per week. A claim for review was filed with the commission. On June 24, 1947, the commission affirmed the award of the deputy commissioner.

The issue in this case is identical with the issue involved in the case of *Webster* v. *Rotary Electric Steel Company, ante,* 526, and decision in that case this day decided is controlling in the case at bar.

The award of the department of labor and industry is reversed and remanded for entry of an award at the rate of $21 per week as of May 2, 1946. No costs are allowed as the construction of a statute is involved.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.